STATE OF LOUISIANA, Appellee
v.
JOHNNY LEE CAPERS, Appellant.
No. 42,61 1-KA.
Court of Appeal of Louisiana, Second Circuit.
August 2, 2007.
INDIGENT DEFENDER OFFICE, By: Michelle M. Andrepont LOUISIANA APPELLATE PROJECT, By: W. Jarred Franklin, Counsel for Appellant.
PAUL J. CARMOUCHE, District Attorney, DAMON D. KERVIN, JOHN FORD McWILLIAMS, JR., Assistant District Attorneys, Counsel for Appellee.
Before BROWN, PEATROSS and MOORE, JJ.
PER CURIAM
Johnny Lee Capers appeals his adjudication as a second felony offender and his sentences of 49½ years at hard labor. We now vacate the adjudication and remand for further proceedings.
Capers was originally convicted of two counts of armed robbery, adjudicated a third felony offender and sentenced to two concurrent life sentences. On appeal, this court affirmed the offenses of conviction but vacated the multiple offender adjudication for insufficient proof that the cleansing period of La. R.S. 15:529.1 C had not elapsed. State v. Capers, 41,231 (La. App. 2 Cir. 8/23/06), 938 So. 2d 1076.
On remand, the district court vacated the original sentences, adjudicated him a second felony offender and sentenced him to 49'/2 years at hard labor on each count. Capers again appeals, urging insufficient proof that the cleansing period had elapsed. In brief, the state concedes that it "failed to offer proof of defendant's actual discharge date at the multiple offender hearing" and that the adjudication and sentences should be vacated.
We agree that this error patent requires us to vacate the adjudication and sentences and remand the case for further proceedings. State v. Bullocl 311 So. 2d 242 (La. 1975); State v. Capers, supra.
HABITUAL OFFENDER ADJUDICATION AND SENTENCES VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.